

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JJD:CCC
F. #2011R00447

*610 Federal Plaza*
*Central Islip, New York 11722*

February 11, 2015

BY ECF AND HAND DELIVERY
Hon. Denis R. Hurley
United States Senior District Judge
United States District Court
Eastern District of New York
930 Federal Plaza
Central Islip, New York 11722

   Re: United States v. Diane Kaylor,
      Criminal Docket No.: 12-CR-357 (S-2)(DRH)

Dear Judge Hurley:

  This letter is submitted to alert the Court to a potential conflict of interest on the part of the above-referenced defendant's attorney. Last week, the government learned that defense counsel formerly represented Shamika Luciano, who the government intends to call as a witness in the upcoming trial. The government respectfully asks the Court to conduct a hearing to explore this potential conflict and, if appropriate, to secure conflict waivers from the defendant and Luciano.

  In early 2009, Luciano went to defense counsel's office, paid them a $1,000 retainer and briefly spoke to defense counsel. The meeting did not last for more than a few minutes. Luciano did not discuss the facts of the case, any defenses or reveal any confidences during this meeting. A few days later, Luciano decided to retain a different attorney, Matthew Kluger. Luciano contacted defense counsel, advised them that she had retained alternative counsel and requested a refund of her retainer. Defense counsel refunded a portion of the retainer.

  Kaylor has been represented by defense counsel since 2009. Kaylor was arrested in April 2012 while Luciano was charged in December 2013. The government only recently learned that defense counsel had also briefly represented Luciano for a few days in early 2009—years before she was arrested. The government did not learn this sooner probably because the representation was so brief and seemingly uneventful. However, in an abundance of caution, the government brings this prior representation to the Court's attention so that it can hold a status conference and obtain any waivers that it deems necessary--Mr. Kluger informed the government that Luciano intends to waive any potential conflict of

interest. The government does not believe the conflict will constitute an "actual" conflict necessitating defense counsel's disqualification. Rather, the government advises the Court of these matters, pursuant to our obligations under Second Circuit law, so that the Court may conduct appropriate inquiries pursuant to United States v. Curcio, 680 F.2d 881, 888-90 (2d Cir. 1982). See, e.g., United States v. Stantini, 85 F.3d 9, 13 (2d Cir. 1996); United States v. Malpiedi, 62 F.3d 465, 467 (2d Cir. 1995).

        Respectfully submitted,

        LORETTA E. LYNCH
        United States Attorney

By:    /s/
        Christopher Caffarone
        Assistant U.S. Attorney
        (631) 715-7868

cc:    David Zucker, Esq. (By ECF and email)
       Matthew Kluger, Esq. (By ECF and email)